IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUANITA GAINES,                              *

    Plaintiff,                              *

                                                    Civil Action No. RDB-17-2755

    v.                                      *

SHERIFF JOHN ANDERSON,                       *

    Defendant.                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Juanita Gaines ("Plaintiff" or "Gaines") brings this action against John W. Anderson ("Defendant" or "Anderson"), in his official capacity as Sheriff of Baltimore City, alleging that he retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000-e *et seq*.[1] Anderson asserts that *res judicata* bars this action because this Court dismissed with prejudice Gaines' prior Title VII claims against various defendants including Anderson. *See Gaines v. Martin*, No. JKB-12-1126, 2014 WL 1622316 (D. Md. Apr. 23, 2014) ("*Gaines I*"). Anderson further asserts that this Court should deny Plaintiff's Motion to File a Second Amended Complaint (ECF No. 13) because even if amended, *res judicata* bars her suit. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss (ECF No. 6) is DENIED and Plaintiff's Motion to file a Second Amended Complaint (ECF No. 13) is GRANTED.[2]

---

[1] Plaintiff initially filed suit against the Baltimore City Sheriff's Office. (ECF No. 1.) Plaintiff subsequently filed an Amended Complaint, substituting Anderson as the Defendant. (ECF No. 5.)

[2] Also pending is the prior defendant Baltimore City Sheriff Office's Motion to Dismiss. (ECF No. 3.) As

## BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the plaintiff's complaint. *See Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). When a defendant moves to dismiss on the ground of *res judicata*, a court may also take judicial notice of facts from a prior judicial proceeding so long as the *res judicata* defense does not raise disputed issues of fact. *Id.* (citing *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)). Plaintiff Gaines began working as a Deputy Sheriff with the Baltimore City Sheriff's Office ("BCSO") on September 27, 2001. (Second Am. Compl., ECF No. 13-1 at ¶ 2.) On July 9, 2010, Gaines filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Anderson and Baltimore City, alleging that she was passed over for a promotion and denied overtime because she was a female ("First Charge"). (*Id.* at ¶ 18.) The First Charge further alleged that she was retaliated against for following complaint protocols. (*Id.*)

On February 4, 2011, Gaines reported to work wearing dark pants, a white collared button-down shirt, hooded jacket, and vest. (*Id.* at ¶ 21.) Gaines asserts that she had worn similar clothes before, and as recently as that day, her supervisor did not object to her attire. (*Id.* at ¶¶ 21-22.) Later that day, however, Gaines' captain sent her home for violating dress code. (*Id.* at ¶ 23.) Gaines alleges that other male employees with similar assignments and wearing similar attire were not sent home. (*Id.* at ¶ 24.) When she left work, Gaines went to the EEOC office to incorporate what happened that day into her First Charge. (*Id.* at ¶ 26.) Four days later on February 8, 2011, her Captain sent her home again for violating dress

Plaintiff substituted Anderson as the Defendant, this Motion is MOOT.

code. (*Id.* at ¶¶ 29-34.) After leaving work, Gaines again went to the EEOC office to update her Charge. (*Id.* at ¶ 36.) On February 17, 2011, she was placed on a performance improvement plan and kept on probationary status through the fall. (*Id.* at ¶ 38.) On August 8, 2011, she was "notified of formal internal affairs charges against her for unsatisfactory performance, conduct unbecoming a Sheriff's Deputy, failure to obey orders, unauthorized absence, and insubordination; all relating to what transpired at work on February 4 and 8, 2011." (*Id.* at ¶ 39.)

On January 13, 2012, Gaines received a Right to Sue letter from the EEOC related to her First Charge, indicating that the EEOC was unable to conclude that there was reasonable cause to believe discrimination occurred.[3] (*Id.* at ¶ 42.) On April 12, 2012, Gaines filed suit in this Court against the State of Maryland, Anderson, and three other individual defendants, alleging violations of Title VII, 42 U.S.C. § 1983, and the Fourteenth Amendment ("*Gaines I*"). (*Id.*; *Gaines v. Martin*, No. JKB-12-1126, 2014 WL 1622316 (D. Md. Apr. 23, 2014)). The complaint alleged conduct going back to 2008 when the Plaintiff was working as a Deputy Sheriff in the Special Operations Unit. *Gaines,* 2014 WL 1622316 at *1. On September 15, 2008, she was involved in the execution of a search warrant where a fellow deputy sheriff was shot in the face. *Id.* at *1. Although an investigation into the incident concluded that the deputy was shot by the subject of the warrant, Gaines developed reason to believe that he had been shot by a fellow deputy. *Id.* The complaint then asserted that her supervisors intended to remove her from the Special Operations Unit because of

---

[3] Although Plaintiff did not attach this Notice of Right to Sue letter, the EEOC only issues Notice of Right to Sue letters if it is unable to conclude that there is reasonable cause to believe discrimination occurred. If the EEOC had concluded that there was reasonable cause to believe discrimination occurred, the parties would have received Letters of Determination. https://www.eeoc.gov/employers/process.cfm.

her contention that the deputy had been shot by a fellow deputy. *Id.* at *2. From these facts, Plaintiff brought, among other claims, a claim for retaliation under Title VII, asserting she was retaliated against "for among other things complaining about adverse personnel and disciplinary actions, complaining to the Inspector General and filing a charge of discrimination with the EEOC." *Id.* at *5.

Five days after Gaines filed her suit, on April 17, 2012, she was notified that she needed to attend an internal trial board hearing for charges relating to the dress code incidents that had occurred over a year before on February 4 and 8, 2011. (ECF No. 13-1 at ¶ 43.) She was subsequently found guilty of the charges and the board recommended a thirty-day suspension. (*Id.* at ¶ 44.) Despite the recommendation, on June 22, 2012, Anderson fired Gaines. (*Id.* at ¶ 45.) On July 18, 2012, Gaines filed a Second Charge of Discrimination with the EEOC ("Second Charge"), asserting that her termination from employment was in retaliation for her earlier claim of retaliation in violation of Title VII. (*Id.* at ¶ 7; ECF No. 1-1.)

On May 13, 2013, Gaines filed an amended complaint in *Gaines I*, adding her termination as a retaliatory act. (*Gaines I*, Am. Compl., ECF No. 25.) The amended complaint did not, however, allege any facts detailing the internal trial board hearing, the incidents on February 4 and 8, or any circumstances surrounding her termination. (*Id.*) Further, the amended complaint only referenced and attached Plaintiff's First Charge of Discrimination and Right to Sue Notice. (*Id.*) The defendants moved to dismiss Plaintiff's amended complaint, arguing in part that she had failed to properly exhaust her Title VII claims. (*Gaines I*, Mot., ECF No. 31.) On April 23, 2014, this Court issued a memorandum

opinion dismissing all of Plaintiff's claims with prejudice. *Gaines v. Martin*, No. JKB-12-1126, 2014 WL 1622316 (D. Md. Apr. 23, 2014). The memorandum opinion only referenced Plaintiff's First Charge filed on July 9, 2010 and did not reference Plaintiff's termination. *Id.* at \*2. As to Gaines' retaliation claim, this Court found that Gaines failed to state a claim for retaliation under Title VII.[4] *Id.* at \*5. Specifically, this Court held that Gaines' had not met the first element of a retaliation claim, engaging in a protected activity, explaining:

> Ultimately, the conduct that Plaintiff opposed was not discrimination under Title VII. Rather, the picture that emerges from Plaintiff's own pleadings is that she was discriminated against for arguing that Deputy Lane was shot by a fellow Deputy and contradicting the Sheriff Department's conclusion that Deputy Lane was shot by a suspect.

*Id.* at \*5.

Nearly three years after this Court's opinion in *Gaines I*, on March 31, 2017, Gaines received a Letter of Determination from the EEOC concerning her Second Charge. (ECF No. 13-1 at ¶ 15; ECF No. 1-2.) The EEOC found that the Sheriff's Office violated Title VII by terminating Gaines. (ECF No. 1-2.) The EEOC then referred the matter to the Department of Justice, which notified Gaines on June 22, 2017 that the DOJ would not be pursuing charges and Gaines had the right to file suit under Title VII. (ECF No. 1-3.) On September 15, 2017, Plaintiff filed the instant suit against Defendant John Anderson in his official capacity as the Sheriff of Baltimore City. (ECF No. 13-1 at 2.) The Second Amended Complaint details the 2011 incidents concerning her dress code, her suit in *Gaines I*, and her

---

[4] The elements of a Title VII retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010). A plaintiff can satisfy the first element by showing that she opposed a practice that Title VII prohibits, as long as the plaintiff has "a reasonable and good faith belief that the conduct that she opposes constitutes unlawful discrimination under Title VII." *Taschyan v. Medical Numerics,* 820 F.Supp.2d 665, 675 (D.Md. 2011).

termination. She asserts that "[b]ut for [her] complaints of discrimination and retaliation made internally and to the EEOC, the allegations of discrimination and retaliation under Title VII she made in the lawsuit she filed on April 12, 2012, and her opposition to gender discrimination, retaliation, and sexual harassment, Sheriff Anderson would not have fired her, thereby escalating the Trial Board's recommendation." (*Id.* at ¶ 45.) To support her claim, Gaines alleges that there were various other officers who committed similar or more serious infractions than Gaines, but never filed complaints or asserted their rights, and were not fired. (*Id.* at ¶ 57.)

## STANDARD OF REVIEW

### I.      Motion to Amend

A plaintiff may amend his or her complaint once as a matter of course before a responsive pleading is served, or within twenty-one days of service of a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). While Rule 15(a) requires that leave "shall be freely given when justice so requires," *id.*, a district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986).

### II.     Motion to Dismiss

A motion to dismiss on the ground of *res judicata* is properly brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim when the defense "clearly appears on the face of the complaint." *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provide that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Although a motion to dismiss on the ground of *res judicata* is properly considered under Rule 12(b)(6) when the defense "clearly appears on the face of the complaint," a court may also take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense does not raise disputed issues of fact. *Andrews*, 201 F.3d at 524 n. 1.

## ANALYSIS

### I.     Motion to Amend

On September 27, 2017, Gaines filed an Amended Complaint as a matter of course. (ECF No. 5.) She now seeks to file a Second Amended Complaint, asserting that in response

to Defendant's Motion to Dismiss, "the further proposed amendments simply add Sheriff Anderson's response to the EEOC charge underlying this complaint as an exhibit to the complaint, and point out that Sheriff Anderson never raised *res judicata* as a defense while the charge was pending at the EEOC." (ECF No. 13 at ¶ 6.) Accordingly, Plaintiff seeks to add factual allegations supporting her argument that an exception to the *res judicata* doctrine applies. Defendant asserts that the amendment should be denied on futility grounds because even considering the additional information, the exception does not apply.

"'Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.'" *Tawwaab v. Virginia Linen Service, Inc.*, 729 F.Supp.2d 757, 770 (D. Md. 2010) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986)). An amendment is insufficient or frivolous if it would not survive a motion to dismiss. *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 916 (4th Cir. 1995)). As explained below, this Court does not find that *res judicata* bars Gaines' suit, and she may proceed with her *second* claim against Anderson for retaliation, arising from her termination of employment. The Second Amended Complaint, therefore, is not futile and Plaintiff's Motion to Amend (ECF No. 13) is GRANTED.

## II.  Motion to Dismiss

### A.  Effect of the Second Amended Complaint

"As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)). Accordingly, a court may then deny a motion to dismiss the original pleading as moot. *Turner*

*v. Knight*, 192 F.Supp.2d 391, 397 (D. Md. 2002). Notwithstanding this general rule:

> [D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

6 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1476 (3d ed. 2014); *see also Buechler v. Your Wine & Spirits Shoppe, Inc.*, 846 F.Supp.2d 406, 415 (D. Md. 2012), *aff'd*, 479 Fed. App'x. 497 (4th Cir. 2012); *Holliday v. Bd. of Educ. for Anne Arundel County*, No. RDB-17-0847, at *3-4 (D. Md. Dec. 13, 2017).

Anderson moves to dismiss the Amended Complaint on the ground that *res judicata* bars Plaintiff's claim. Plaintiff does not seek to amend the Amended Complaint to add allegations contradicting that *res judicata* applies. Rather, the Second Amended Complaint seeks to add allegations supporting her argument that although *res judicata* applies, an exception to the doctrine also applies. As explained below, this Court does not find that *res judicata* applies and accordingly does not reach the secondary issue of whether the exception to the doctrine applies. Accordingly, this Court will apply Defendant's *res judicata* arguments raised in the Motion to Dismiss to the Second Amended Complaint.

### B.  Plaintiff's Title VII claim

Anderson moves to dismiss Gaines' retaliation claim under the doctrine of *res judicata* in light of this Court's previous dismissal of Plaintiff's claims in *Gaines v. Martin*, No. JKB-12-1126, 2014 WL 1622316 (D. Md. Apr. 23, 2014) ("*Gaines I*"). In Maryland, *res judicata* "bars a party from re-litigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008)

(citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). This judge-made doctrine

of *res judicata* serves "to promote judicial efficiency and foster reliance on adjudications by

putting an end to a cause of action once litigated." *United States v. Tatum*, 943 F.2d 370, 381

(4th Cir. 1991); *see also Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948) (res

judicata is "judicial in origin"). The doctrine of *res judicata*, or claim preclusion, applies if

there is: "'(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of

action in both the earlier and the later suit; and (3) an identity of parties of their privies in the

two suits.'" *SAS Institute, Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017)

(quoting *Pueschel*, 369 F.3d at 354-55). The United States Court of Appeals for the Fourth

Circuit has emphasized that claim preclusion is a "practical" doctrine and "is ultimately

governed by whether the present case has already been decided, and whether the party has

previously had a fair shot with respect to the claims raised in the present action." *Id.* Gaines

does not argue that *res judicata* does not apply. Rather, she invokes an exception to the

doctrine covering situations where a defendant consents to claim-splitting. *See Keith v.*

*Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) ("Since a principal purpose of the general rule

of *res judicata* is to protect the defendant from the burden of relitigating the same claim in

different suits, consent, 'in express words or otherwise,' to the splitting of the claim prevents

the defendant from invoking claim preclusion."). Despite Plaintiff's concession that *res*

*judicata* applies, this Court finds that all three elements of the doctrine are not present.

The second element of *res judicata* requires "an identity of the cause of action in both

the earlier and the later suit." *SAS Institute*, 874 F.3d at 378. To meet this element, a plaintiff

need not have presented the same legal theory in the earlier suit. *Ohio Valley Envtl. Coal. v.*

*Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009). Rather, the inquiry is whether the second suit "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). This requires courts to consider whether the instant claims, though not actually brought in the original suit, "were available to the plaintiff at the time of the first suit." *Id.*

Before discussing the identity of the claims between *Gaines I* and the instant action, this Court briefly summarizes the statutory requirements a plaintiff must meet prior to bringing a Title VII discrimination claim in federal or state court. First, Title VII requires that a plaintiff file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the alleged unlawful employment practice occurred." *Id.* In Maryland, a deferral state,[5] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). If the EEOC dismisses the charge, a plaintiff has ninety days from receiving his or her notice of dismissal and right to sue letter to file an action in court. 42 U.S.C. § e-5(f)(1). Finally, a plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Failing to exhaust administrative remedies deprives this Court of subject matter jurisdiction over the claims. *Id.*

Gaines filed her First EEOC Charge against Anderson and Baltimore City on July 9, 2010. (ECF No. 13-1 at ¶ 18.) The Charge alleged that she was discriminated against based

---

[5] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

on her sex, that she was retaliated against, and that the discrimination was continuing. (ECF No. 6-2 at 23.) She continued to work as a Deputy Sheriff after filing the Charge. About a year and a half later, she received a Right to Sue letter from the EEOC, indicating that the EEOC had not found reasonable cause to believe that the defendants had violated Title VII. (*Gaines I*, ECF No. 16-1.) After receiving her Right to Sue letter, Plaintiff filed suit against Anderson and the other defendants on April 12, 2012. She asserted that she was retaliated against for "complaining about adverse personnel and disciplinary actions, complaining to the Inspector General and filing a charge of discrimination with the EEOC." *Gaines I*, 2014 WL 1622316, at *5. The defendants in *Gaines I* moved to dismiss the action, arguing in part that Gaines had not properly exhausted her administrative remedies. *Id.* at *3. Despite finding that Plaintiff had exhausted her administrative remedies, this Court ultimately dismissed all of her claims with prejudice for failure to state a claim. *Id.*

Nearly three years after this Court ruled in *Gaines I*, on March 31, 2017, Plaintiff received a Letter Determination from the EEOC relating to her Second Charge. (ECF No. 1-2.) The Determination stated that Gaines had alleged that she was discharged in retaliation for engaging in protected activity, and evidence gathered showed that male employees who committed similar or more severe infractions but did not engage in protected activity were not terminated. (*Id.*) On June 22, 2017, she then received a Right to Sue letter from the Department of Justice, informing her that because the DOJ would not be filing suit related to her Charge, she had the right to file suit in court. (ECF No. 1-3.)

Defendant argues that *res judicata* bars Gaines' claim because although Gaines filed her complaint in *Gaines I* before her termination, she filed an amended complaint after her

termination. Count II of the amended complaint in *Gaines I* alleged retaliation in violation of Title VII, and explicitly referred to Gaines' termination. "Thus, she brings the same claim in *Gaines II* based on the same legal theory – that her termination was retaliatory." (ECF No. 6-1 at 7.) Defendant further argues that the underlying facts of *Gaines I* and the instant suit are essentially the same. (*Id.* at 8.) It is clear from the record, however, that *res judicata* does not bar Gaines' instant suit for two reasons: First, because Gaines could not have brought the instant retaliation claim during *Gaines I* given that she had not yet exhausted her administrative remedies, and second, because the retaliation claim in *Gaines I* was based on a different set of facts than Plaintiff's current retaliation claim.

At the time Plaintiff filed *Gaines I* and subsequently amended her complaint, she could not have alleged that her termination was retaliatory because Gaines had not yet exhausted her administrative remedies. In *Blakes v. Gruenberg*, No. 16-cv-00240, 2016 WL 8731784 (E.D. Va. July 29, 2016), the plaintiff alleged that she was discriminated against based on a Performance Management and Recognition evaluation she received in 2013. *Id.* at *2. After receiving a Final Agency Decision ("FAD") from the Federal Deposit Insurance Corporation ("FDIC"), the plaintiff filed suit against the defendant, which the United States District Court for the Eastern District of Virginia labeled "*Blakes I.*" *Id.* The court ultimately granted summary judgment in favor of the defendant. *Id.* The plaintiff then filed a subsequent suit arising from a Performance Management and Recognition Evaluation she received in 2014, "*Blakes II.*" *Id.* When the defendant tried to argue that *res judicata* barred the second suit, the court explained:

> Plaintiff alleges discrimination based on conduct that occurred *following* her filing of *Blakes I*. Similar to *Young-Henderson* [*v. Spartanburg Area Mental Health*

*Ctr.*, 945 F.2d 770 (4th Cir. 1991)], Plaintiff's claim regarding her low 2014 PMR occurred after she filed *Blakes I*, meaning that Plaintiff could not have brought her allegations regarding her low 2014 PMR in *Blakes I* because a plaintiff seeking relief from an agency must first exhaust all her administrative remedies. *Id.*; *see* 42 U.S.C. § 2000(e)-16(c). In light of this, Plaintiff did not receive the FDIC's FAD regarding her 2014 PMR until January 5, 2015, more than two weeks *after* this Court issued a decision in *Blakes I*. *Id.* Therefore, Plaintiff's 2014 PMR and her 2013 PMR are two separate transactions and thus Plaintiff's claims cannot be treated as claims arising out of the same core of operative facts. *See Pueschel* [*v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)]. Because *res judicata* does not preclude claims that did not exist and could not have been raised in a Plaintiff's first Complaint, *res judicata* does not bar Plaintiff's current claim. *See Young-Henderson*, 945 F.2d at 775.

*Id.* at \*6.

Gaines received her Right to Sue letter regarding her First Charge on January 13, 2012, prior to her termination. The Right to Sue letter indicated that the EEOC had finished investigating the Charge's allegations, did not find Title VII violations, and Gaines could file suit in court. Gaines then filed suit on April 12, 2012. Five days later, she told that she needed to attend an internal Trial Board hearing for events that had occurred over a year earlier. She was subsequently found guilty and terminated. About a month after she was terminated, Gaines filed a separate, Second Charge alleging that she was terminated in violation of Title VII. Although she subsequently amended her complaint in *Gaines I* to indicate that she had been terminated, Plaintiff had not yet exhausted her administrative remedies as to her Second Charge. In fact, Plaintiff did not receive a Right to Sue letter regarding the Second Charge until June 22, 2017, over three years after this Court ruled in *Gaines I*. Accordingly, Plaintiff could not have brought the instant claim during *Gaines I*, and this Court would not have had jurisdiction over the claim because she had not exhausted her

14

administrative remedies.[6] *See Robinson v. Middleton*, No. 13-CV-02389-JMC, 2015 WL 1218371, at *11 (D.S.C. Mar. 16, 2015) (adopting the magistrate judge's recommendation that summary judgment not be granted for the defendant "[b]ecause Plaintiff is asserting a cause of action for continued deliberate indifference to his medical care," and "Plaintiff had not exhausted his administrative remedies at the time he filed [the previous] complaint"). Therefore, *res judicata* does not bar Gaines' instant retaliation claim.

Further, the record shows that Gaines did not pursue the instant retaliation claim in *Gaines I*. First, this Court's opinion in *Gaines I* referred only to Plaintiff's Charge filed on July 9, 2010—prior to her termination—and did not even indicate that Plaintiff had been terminated or filed a Second Charge. *See Gaines I*, 2014 WL 1622316, at *1 ("Plaintiff *is* a deputy sheriff with the Baltimore City Sheriff's Office.") (emphasis added). Second, although the facts alleged in Gaines' Second Amended Complaint reallege some facts from *Gaines I*, Plaintiff additionally alleges that she was retaliated against for her EEOC Charge, bringing suit in *Gaines I*, and "her opposition to gender discrimination, retaliation, and sexual harassment." (ECF No. 12 at 1.) As the Fourth Circuit explained in *Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 774 (4th Cir. 1991):

> The alleged discrimination in the *Henderson I* complaint related to the defendants' refusal to promote Young–Henderson and their actions in disciplining, suspending, and eventually discharging her in 1984—of course all claims were based on conduct which occurred prior to the date she filed the *Henderson I* complaint. While the complaint in *Henderson II* realleged these claims, it also alleged additional unlawful conduct. *Henderson II* added charges of retaliatory harassment for filing EEOC charges and for bringing the *Henderson I* lawsuit. The *Henderson II* complaint additionally alleged

---

[6] As explained above, failure to exhaust administrative remedies strips this Court of jurisdiction to hear the claim. In fact, the defendants, including Anderson, moved to dismiss Gaines' claims in *Gaines I* for failure to exhaust administrative remedies. *See Gaines I*, 2014 WL 1622316.

> discrimination in the form of the March 12, 1986, termination for abandonment of position following a period of sick leave for which she provided a doctor's pass.

*See also Blakes*, 2016 WL 8731784, at *6 ("Although Defendant argues that Plaintiff alleges nearly identical supporting facts in *Blakes I* and *Blakes II*, the statute of limitations does not 'bar an employee from using the prior acts as background evidence in support of a timely claim.'" (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002))). Third, the retaliation claim presented in *Gaines I* depended on a completely different set of facts than the Second Amended Complaint currently alleges. In *Gaines I*, Plaintiff claimed that she was retaliated against because had contradicted the Sheriff Department's conclusion that the deputy was shot by the target of the search, and argued instead that he was shot by a fellow deputy. *Gaines I*, 2014 WL 1622316 at *5. This Court dismissed her claim because such activities are not protected under Title VII. *Id.* On the other hand, Plaintiff currently claims that she was retaliated against for pursuing her Charge with the EEOC and filing *Gaines I*. (ECF No. 13-1.) She supports her retaliation claim by alleging that on April 17, 2012—just five days after she filed *Gaines I*—she was told that she would need to attend an internal Trial Board hearing for the dress code incidents that occurred over a year prior on February 4 and 8, 2011. She alleges that there were other male employees who had worn similar dress and were never sent home for dress code violations. She further alleges, by name, that there were "numerous other officers who committed similar or more serious infractions than Ms. Gaines, but who had not made complaints or asserted their rights, [and] were not fired." (ECF No. 13-1 at ¶ 57.) Given that Plaintiff's instant claim is not identical to claims raised in

*Gaines I*, *res judicata* does not bar Plaintiff's retaliation claim, and Defendant's Motion to Dismiss (ECF No. 6) is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss the Amended Complaint (ECF No. 6) is DENIED and Plaintiff's Motion to Amend (ECF No. 13) is GRANTED.

A separate order follows.


Dated:        March 5, 2018


                                        /s/
                                        _____

                                        Richard D. Bennett
                                        United States District Judge