IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUANITA GAINES,                          *

    Plaintiff,                            *
                                                        Civil Action No. RDB-17-2755
    v.                                   *

SHERIFF JOHN ANDERSON,                   *

    Defendant.                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On March 5, 2018, this Court issued an Order and accompanying Memorandum Opinion denying Defendant Sheriff John Anderson's ("Defendant" or "Anderson") Motion to Dismiss. (ECF Nos. 16, 17.) Now pending before this Court is Defendant's Motion to Alter or Amend Judgment ("Defendant's Motion"). (ECF No. 19.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Defendant's Motion to Alter or Amend Judgment (ECF No. 19) is DENIED.

## BACKGROUND

The facts of this case have previously been addressed in two prior Memorandum Opinions of this Court. *See Gaines v. Martin*, No. JKB-12-1126, 2014 WL 1622316 (D. Md. Apr. 23, 2014) ("*Gaines I*"); *Gaines v. Anderson*, RDB-17-2755, 2018 WL 1156768 (D. Md. March 5, 2018) ("*Gaines II*"). A brief summary of the case follows, giving particular attention to its procedural posture. For purposes of reviewing Defendant's Motion to Alter or Amend Judgment, which petitions this Court to revise its prior Order and to grant

1

Defendant's Motion to Dismiss, this Court accepts as true the facts alleged in the Plaintiff's Second Amended Complaint. *See Q Intern Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). When a defendant moves to dismiss on the ground of *res judicata*, a court may also take judicial notice of facts from a prior judicial proceeding so long as the *res judicata* defense does not raise disputed issues of fact. *Id.* (citing *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

Gaines worked as a Deputy Sheriff with the Sheriff of Baltimore City from September 27, 2001 until June 22, 2012. (Second Am. Compl. ¶¶ 1-2, ECF No. 18.) On July 9, 2010, she filed a Charge of Discrimination ("2010 Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") against Anderson and Baltimore City, alleging that she was passed over for a promotion and denied overtime because she was female. (*Id.* at ¶ 18.) On February 4, 2011, Gaines arrived at work wearing dark pants, a white collared button-down shirt, a hooded jacket, and a vest. (*Id.* at ¶ 21.) Gaines alleges that she had worn these and similar clothes many times before, and that male colleagues with similar work assignments and wearing similar attire were not sent home. (*Id.* at ¶¶ 22, 24.) Nevertheless, Captain Donald Rheubottom called Gaines into his office, inspected her clothing, and sent her home for dress code violations. (*Id.* at ¶ 23.) Subsequently, Gaines updated her Charge of Discrimination at the Baltimore EEOC office. (*Id.* at ¶ 36.) On February 8, 2011, Captain Rheubottom again sent home Gaines for purported dress code infractions. (*Id.* at ¶ 34.) That same day, she returned to the EEOC office in Baltimore to add allegations to her pending EEOC charge. (*Id.* at ¶ 36.) Gaines notified Captain Rheubottom and her co-workers that she had updated the charge. (*Id.*)

Gaines alleges that she faced retaliation because of her EEOC Complaints. Following these incidents, Gaines was placed on a performance improvement plan on February 17, 2011 and placed on probationary status. (*Id.* at ¶ 38.) On August 8, 2011 Gaines was notified of formal internal affairs charges pending against her for unsatisfactory performance, conduct unbecoming a Sheriff's Deputy, failure to obey orders, unauthorized absence, and insubordination—all related to the events of February 4 and 8, 2011. (*Id.* at ¶ 39.)

On April 12, 2012, after obtaining a right to sue letter related to her Charge, Gaines filed suit in this Court against the State of Maryland, Anderson, and three other individual defendants, alleging violations of Title VII, 42 U.S.C. § 1983, and the Fourteenth Amendment ("*Gaines I*"). (*Id.* at ¶ 42; *Gaines I*, 2014 WL 1622316, at *1.) The Complaint concerned Plaintiff's experiencing working as a Deputy Sheriff in the Special Operations Unit in 2008. *Gaines I*, 2014 WL 1622316, at *1. Within a week of filing her Complaint, on April 17, 2012, Gaines received notification of an internal Trial Board hearing date for the internal affairs charges pending against her. (*Id.* at ¶ 43.) On April 27, 2012 Gaines was found guilty of the charges against her by a panel of three officers appointed by Sheriff Anderson. (*Id.* at ¶ 44.) Even though the Trial Board only recommended a 30-day suspension, Sheriff Anderson terminated Gaines' employment on June 22, 2012. (*Id.* at ¶ 45.) Subsequently, Gaines filed a Second Charge of Discrimination with the EEOC ("2012 Charge"), asserting that she had faced retaliation in violation of Title VII. (*Id.* at 7.) Gaines also amended Count 2 of her Complaint to include an allegation that Defendants had retaliated against her by terminating her employment. Am. Compl. ¶ 48, *Gaines v. Martin*,

3

No. JKB-12-1126, 2014 WL 1622316 (D. Md. Apr. 23, 2014).

Subsequently, Defendants moved to dismiss Gaines' Amended Complaint. In their Memorandum in support of this Motion, Defendants acknowledged that Count 2 of the Complaint contained an allegation that Plaintiff's employment was terminated in retaliation for, *inter alia*, filing a charge of discrimination with the EEOC. (Def.'s Mem. Mot. to Dismiss 4, ECF No. 31-3). Defendants argued, however, that Count 2 must be dismissed because she had failed to file a charge of discrimination with the Maryland Commission on Civil Rights ("MCCR") before filing her 2012 Charge. (*Id.* at 8-9.) They further contended that Gaines had failed to state a claim for retaliation in Count 2, focusing solely on paragraphs 29 through 35 of the Amended Complaint, which did not contain her allegation that she had been fired in retaliation for filing an EEOC Charge. (*Id.* at 31.)

In response, Gaines informed Defendants and this Court that the 2010 Charge—not the 2012 Charge—formed the basis for her claims. She explained that the 2012 Charge was an "additional retaliation charge filed by Plaintiff" concerning her employment termination. (Pl.'s Resp. Opp. 3, ECF No. 36.) Defendants did not challenge Gaines' apparent attempt to separate claims arising from her employment termination from *Gaines I*.

Judge James K. Bredar of this Court dismissed all of Plaintiff's claims. *Gaines I,* 2014 WL 1622316, at *1. Informed by the parties' submissions, which indicated that Plaintiff's termination claim was not at issue, the Memorandum Opinion did not acknowledge that Gaines' employment had been terminated. *See Id.* at *1 ("Plaintiff *is* a deputy sheriff") (emphasis added). This Court did not even reference the 2012 Charge, but instead merely observed that Gaines had exhausted her administrative remedies by filing her 2010 Charge.

4

*Id.* at *3.  Furthermore, the Memorandum Opinion's analysis of Count 2 made no reference to Gaines' allegation that she had been fired for filing a charge with the EEOC. *Id.* at *5.

On March 31, 2017, the EEOC issued a cause determination addressing the 2012 Charge and found that the Sheriff's Office violated Title VII with regard to Gaines' discharge.  (ECF No. 18, at ¶ 15.)  Accordingly, Gaines filed the instant lawsuit ("*Gaines II*"). In this lawsuit, Gaines alleges that her employment at the Baltimore City Sheriff's Office was terminated in retaliation for pursuing an EEOC Charge.  (*Id.* at ¶ 69.)  Defendant moved to dismiss the claim, and for the first time since Gaines filed her 2012 Charge, he has objected that Plaintiff's claim is barred by *res judicata*.  In her Response in Opposition to Defendant's Motion to Dismiss (ECF No. 10), Gaines conceded that *res judicata* applied to her claims, but argued that an exception to that doctrine applied in this case because Defendant had acquiesced to Plaintiff's claim-splitting (*i.e.*, he permitted Gaines to pursue her termination claim in a separate lawsuit).  (Pl.'s Resp. Mem. 7, ECF No. 10.)  On March 5, 2018, this Court issued a Memorandum Opinion and accompanying Order denying Defendant's Motion to Dismiss, having determined that *res judicata* did not bar Plaintiff's claims. Subsequently, Defendant filed a Motion to Alter or Amend Judgment Denying Motion to Dismiss Amended Complaint. (ECF No. 19.)

**STANDARD OF REVIEW**

Although Defendant has styled his Motion as a "Motion to Alter or Amend Judgment Denying Motion to Dismiss Amended Complaint" under Rule 59(e), the Order it seeks to alter or amend was an interlocutory order denying a Motion to Dismiss rather than a Judgment.  As such, his Motion is more appropriately styled as a motion for

5

reconsideration of an interlocutory order under Rule 54(b). *Cezair v. JP Morgan Chase Bank, N.A.*, DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (explaining that a motion to amend an order denying a motion to dismiss is more properly brought under Rule 54(b)). Under Rule 54(b), district courts have discretion to reconsider rulings on interlocutory motions at any time before the entry of Judgment. *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018). The standards governing motions filed pursuant to Rules 54 and 59 closely resemble one another. *Id.* at 257 (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). A district court may revise an interlocutory order under three circumstances: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.*

## ANALYSIS

This Court previously determined that the doctrine of *res judicata* did not bar Plaintiff's claims because (1) Gaines could not have brought the instant retaliation claim in *Gaines I* because it had not been administratively exhausted; and (2) the operative facts giving rise to Plaintiff's prior lawsuit in *Gaines I* differed substantially from those in the case at bar. *Gaines II*, 2018 WL 1156768, at *6-8. Defendant petitions this Court to revise its Order (ECF No. 17) denying his Motion to Dismiss on these grounds. (Def. Mot. 1, ECF No. 19). Specifically, he argues that *res judicata* bars Plaintiff's Title VII retaliation claim because Gaines did not need to administratively exhaust her claim that she had been retaliated against for filing an EEOC charge, and she in fact brought this claim in *Gaines I* by amending her Complaint. (*Id.* at 2-3.); *see Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301-03 (4th Cir. 2009)

6

(explaining that plaintiffs need not exhaust administrative remedies when "bootstrapping" a claim that a prior EEOC complaint resulted in retaliation).

Even if the elements of *res judicata* are satisfied, the doctrine would not apply in this case because Defendant acquiesced to "claim splitting," that is, he permitted Plaintiff to litigate her pending claim in a separate lawsuit. Because *res judicata* is designed to protect defendants from re-litigating the same claim in different suits, a defendant who acquiesces "in terms or in effect" to claim-splitting will not be able to invoke *res judicata*. *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) *cert. denied*, 498 U.S. 900, 111 S. Ct. 257 (1990) (quoting Restatement (Second) of Judgments § 26(1)(a)). Consent to claim-splitting may be manifested in "express words or otherwise." *Keith*, 900 F.2d at 740 (quoting Restatement (Second) of Judgments § 26(1)(a), cmt. a). Thus, Defendant's failure to object to claim-splitting may constitute his consent to this manner of proceeding:

> Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

*Beazer East, Inc. v. U.S. Navy*, 111 F.3d 129 (4th Cir. 1997) (Table) (quoting Restatement (Second) of Judgments § 26, cmt. a, at 235 (1982)); *see also Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1119 (9th Cir. 2003) (explaining that there is "no reason" to "encourage mischief" by allowing litigants to delay their objections to dual proceedings until they received a favorable judgment in one proceeding), *cert denied* 541 U.S. 1063, 124 S. Ct. 2392 (2004).

Defendants may acquiesce to claim-splitting by making representations about pending administrative actions. In *Pueschel v. United States*, 369 F.3d 345 (4th Cir. 2004), the United States Court of Appeals for the Fourth Circuit determined that Defendant consented to claim-splitting by making representations about pending EEOC proceedings. In that case ("*Pueschel II*"), Deborah Katz Pueschel, a former air traffic controller, sued the Secretary of Transportation alleging, *inter alia*, that the Federal Aviation Administration ("FAA") had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, by interfering with the processing of her disability claims filed with the Office of Workers' Compensation Programs ("OWCP claim"). *Id.* at 347-48. Pueschel had previously filed a lawsuit ("*Pueschel I*") against the FAA for violating Title VII, alleging (as in *Pueschel II*) that the FAA was interfering with the processing of her workers' compensation claims. *Id.* at 356. In the FAA's Motion for Summary Judgment in *Pueschel I*, the FAA stated that Pueschel had also brought this claim in a pending EEOC Charge, and that it was "being investigated and [thus] not part of [the present] lawsuit." *Id.* The United States Court of Appeals for the Fourth Circuit determined that, by making this representation, the FAA effectively consented to claim-splitting. *Id.* Accordingly, *res judicata* did not bar Pueschel's OWCP claim in *Pueschel II*. *Id.*; *cf. Doctor's Exch. of S.C. v. Am.'s Best Contacts & Eyeglasses, Inc.*, 26 Fed. App'x 236 (4th Cir. 2002) (finding that Defendant's statement before an arbiter that a "charge of sexual harassment" would be "heard and resolved separately" sufficed to manifest consent to splitting that claim).

Defendant has acquiesced to claim splitting in this case by arguing that Plaintiff's retaliatory termination claim was not properly before this Court in *Gaines I*, failing to reply to

Plaintiff's representation that her termination claim constituted a "separate" action, and remaining silent for years as the EEOC investigated Gaines' 2012 Charge. In *Gaines I*, Defendants argued that Count 2 of the Complaint, which contained the accusation of retaliatory termination, had not been administratively exhausted. (ECF No. 31-3, at 10.) Defendants chose not to address her claim of retaliatory termination in the remainder of their Memorandum in support of their Motion to Dismiss. Instead, Defendants identified Gaines' "right to file a complaint with the Inspector General" as her alleged protected activity and her transfer to the Domestic Violence Unit as a "perceived adverse employment decision" but remained silent about her allegation that she had been fired for filing an EEOC Charge. (*Id.* at 31-32.) In her Response, Gaines indicated that her termination claim was pending before the EEOC and was "an additional retaliation charge." (Pl.'s Opp. Resp. 3, ECF No. 36.) Defendant did not file a Reply to contest this characterization.

Only now in Defendant's Motion to Dismiss—filed five years after the 2012 EEOC charge and equipped with an intervening judgment in his favor—has he objected to Gaines' termination claims on grounds of *res judicata*. While Defendant's representations in *Gaines I* about the pending EEOC charge do not precisely resemble the *Pueschel* and *Doctor's Exchange* Defendants' explicit remarks about claim-splitting, the representations in Defendant's memorandum concerning the EEOC action, and his failure to object to Gaines' expressed intent to split her claims, indicate that the Defendant in this case believed that the claim of retaliatory termination had been reserved for another day.

Defendant objects that he cannot waive legal defenses by merely failing to raise them in a position statement before the EEOC. *See, e.g.*, *Enright v. Illinois State Police*, 19 F. Supp. 2d

9

884, 888–89 (N.D. Ill. 1998). This Court does not rule otherwise. Defendant's failure to object on *res judicata* grounds in his EEOC position statement is not determinative. Rather, it is the sum of Defendant's actions—his arguments before this Court in *Gaines I*, his failure to address Gaines' intent to split her claims in a Reply or other submission, and his lack of objection during EEOC proceedings—reveal that he has effectively assented to claim-splitting.

Accordingly, it is HEREBY ORDERED this 22nd day of January, 2019 that:

1) Defendant's Motion to Alter or Amend Judgment (ECF No. 19) is DENIED;

2) The Clerk of Court shall transmit a copy of this Order to all counsel of record.

                                               /s/
                                     Richard D. Bennett
                                     United States District Judge